IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILIP and TERRI SAVOIE,
      Plaintiffs,

v.                               Case No. 3:05cv244/MCR/EMT

AMERICAN SECURITY INSURANCE
COMPANY,
      Defendant.
_____/

## O R D E R

      This cause is before the court upon Plaintiffs' Motion To Compel Disclosure of Documents (Doc. 57) and Defendant's response thereto (Doc. 62). Plaintiffs seek "adjuster's reports of March 17, 2005 and March 29, 2005" (Doc. 57 at 1). Plaintiffs also seek an award of attorney's fees incurred in making the motion (*id.* at 10-11). In response, Defendant states it did not initially disclose the documents based on its belief that the reports were protected by the work-product privilege (Doc. 62 at 2). However, Defendant has since provided the documents to Plaintiffs (*id.* at 3). Thus, it appears the matter of compelling production of the documents is moot.

      The remaining issue is whether Plaintiffs are entitled to an award of expenses. Rule 37(a)(4) provides, in relevant part:

> (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Defendant claims it did not initially disclose the documents "based on Defendant's good faith belief the reports were protected by the work-product privilege" (Doc. 62 at 2).[1] Claims of work-product immunity are governed by Rule 26(b)(3) of the Federal Rules of Civil Procedure, which states in pertinent part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).  The burden of establishing that a document is work-product is on the party asserting the claim.  Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp., 233 F.R.D. 678, 681 (M.D. Fla. 2006) (citations omitted).  Whether documents are "prepared in anticipation of litigation" depends upon the material and circumstances of the case. Osterneck v. E. T. Barwick Industries, Inc., 82 F.R.D. 81, 86-87 (N.D. Ga. 1979).  In order for material to have been prepared in anticipation of litigation, there must be a showing that litigation is more than a remote possibility.  Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 476 (S.D.N.Y. 2003).  Instead, a "substantial probability" of litigation must exist and the concern that litigation may occur must be real, not speculative.  Id.

Further, the work-product privilege does not protect documents that are produced "in the ordinary course of business." McMahon v. Eastern S.S. Lines, Inc., 129 F.R.D. 197, 198 (S.D. Fla. 1989).  "The evaluation of claims of its policyholders is the regular, ordinary and principal business of defendant insurance company.  Most of such claims result in payment

---

[1] Although Defendant now claims the documents at issue are protected by the work-product privilege, Plaintiffs have alleged that Defendant failed to alert Plaintiffs to any claim of privilege at the time it produced its claims file (and withheld the documents at issue), as it is obligated to do pursuant to Fed. R. Civ. P. 26(b)(5) (*see* Doc. 57 at 3).  Defendant has not disputed Plaintiffs' contention (*see* Doc. 62).

by the defendant; it can hardly be said that the evaluation of a routine claim from a policyholder is undertaken in anticipation of litigation, even though litigation often does result from denial of a claim." <u>Atlanta Coca-Cola Bottling Co. v. Transamerica Ins. Co.</u>, 61 F.R.D. 115, 118 (N.D. Ga. 1972).

Defendant has not alleged any facts to support its claim of work-product privilege. Defendant has shown neither that the documents were prepared in anticipation of litigation nor that the documents were not prepared in the ordinary course of business.

Upon careful consideration, the court finds that Defendant has offered no substantial justification for its failure to provide the adjuster's reports.  Therefore, Plaintiffs are entitled to the payment of reasonable expenses incurred in making the motion to compel, including attorney's fees.

Accordingly, it is **ORDERED**:

1.    Plaintiffs' motion to compel (Doc. 57) is **DENIED** as moot.

2.    Plaintiffs shall be awarded the reasonable expenses, including attorney's fees, incurred in making the motion to compel.  Within **TEN (10) DAYS** from the date of docketing of this order, Plaintiffs shall submit documentation of the expenses incurred in making the motion to compel.

**DONE AND ORDERED** this 23<u>rd</u> day of June 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**