IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILIP and TERRI SAVOIE,
    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　Case No. 3:05cv244/MCR/EMT

AMERICAN SECURITY INSURANCE
COMPANY,
    Defendant.
_____/

**O R D E R**

    This cause is before the court upon Plaintiffs' "Memorandum in Support of Request for Attorney's Fees and Expenses of Litigation" (Doc. 71) and supporting affidavits (Doc. 70). On June 2, 2006, Plaintiffs filed a motion to compel disclosure of two documents, namely, adjuster's reports dated March 17, 2005 and March 29, 2005 (Doc. 57 at 1). Plaintiffs also sought an award of attorney's fees incurred in filing the motion to compel (*id.* at 10). In response to Plaintiffs' motion to compel, Defendant asserted that it did not initially disclose the documents based on its belief that the reports were protected by work-product privilege (Doc. 62 at 2). However, Defendant also provided the requested documents to Plaintiffs (*id.* at 3). Accordingly, this court denied Plaintiffs' motion to compel as moot, but found that Defendant offered no substantial justification for its failure to provide the requested reports and awarded Plaintiffs the reasonable expenses incurred in making the motion to compel (Doc. 68).

    Plaintiffs now assert that the total fees and costs in connection with their motion to compel are $10,750.37 (Doc. 71 at 1). Plaintiffs assert that the fees and costs incurred by the Law Office of Jason H. Hoffman are $7,232.50 and the fees and costs incurred by the Law Office of Stuart R. Michelson are $3,517.87 (*id.*).

    Federal Rule of Civil Procedure 37 provides the legal framework for the requested sanctions:

>   (4) Expenses and Sanctions.
>   (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the **reasonable expenses** incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(emphasis added).

A district court has broad discretion in imposing monetary sanctions under Rule 37. Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137 (11th Cir. 2006); BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir.1994). The magnitude of a sanctions award under Rule 37 is bound only by that which is reasonable in light of the circumstances. Serra Chevrolet, 446 F.3d 1137 at 1151 (citing Carlucci v. Piper Aircraft Corp., 755 F.2d 1440, 1453 (11th Cir. 1985). In determining the amount of sanctions to be imposed, a district court may not merely accept the movant's claimed expenses, but must inquire into the basis for those expenses and provide a rationale for any fine. *Id.* at 1152.

The record reflects that Plaintiffs filed a twelve-page motion to compel the disclosure of two adjuster's reports (Doc. 57). No hearing was held on the motion. Plaintiffs claim that three different attorneys and an "expert" spent a total of 40.1 hours preparing the motion at hourly rates ranging from $200.00 to $350.00 (Doc. 70). After careful consideration, the court finds that the fees requested by Plaintiffs are plainly unreasonable. The discovery dispute in this case involved a specific, narrow issue, which was not novel or complex. Further, having three attorneys working on the same project leads to inefficiencies, such as duplicative efforts and excessive time spent in communication. Based on this court's experience with similar motions to compel, the court concludes that an award of $2,200.00 is reasonable.[1]

---

[1] This figure is derived from an average hourly rate of $275.00 and eight hours of work. Although it is obviously not an exact science, this court concludes that the motion to compel could easily have been discussed, researched, and drafted in less than eight hours.

Case No.: 3:05cv224/MCR/EMT

Accordingly, it is **ORDERED**:

1. Within **TEN (10) DAYS** from the date of docketing of this order, Defendant shall pay to Plaintiffs the sum of $2,200.00 for fees incurred in making the motion to compel.

**DONE AND ORDERED** this 17th day of July 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**